FILED

SEP 29 2026

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **ARTURO S. LOPEZ, SR., Plaintiff,** | § | |
| **v.** | § | **Cause No. DR-24-CV-00113-AM** |
| **TROY MEINK, Secretary of the Air Force, JOHN JASPER, BILLY WOODS, and MARY D. GARCIA, Defendants.** | § | |

**ORDER**

Pending before the Court is the Report and Recommendation [ECF No. 53] of the Honorable Matthew Watters, United States Magistrate Judge, recommending that the Defendants' Motion to Dismiss [ECF No. 14] should be granted. The Plaintiff timely filed objections to the Report and Recommendation [ECF No. 54] and the Defendants filed a response [ECF No. 55]. After reviewing the report of the Magistrate Judge and having considered the objections, exhibits, and the applicable legal authority, the Court has conducted a de novo review and is of the opinion that the Plaintiff's objections are **DENIED** and the Report and Recommendation is therefore **ADOPTED**. Accordingly, the Defendants' Motion to Dismiss is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

The Plaintiff was previously employed as an aircraft engine mechanic at Laughlin Air Force Base in Del Rio, Texas. (ECF No. 8-2 at 3.) In January 2017, the Air Force suspended the Plaintiff for five days finding that the Plaintiff failed to observe safety practices and disregarded directives. (ECF No. 8-2 at 1.) The Plaintiff alleges that Defendant Billy Woods falsified the Plaintiff's training records, ultimately leading to his suspension. (ECF No. 8 at 8-9.) The Plaintiff appealed the five-day suspension claiming retaliation for making an Equal Employment

Opportunity ("EEO") complaint against the Air Force. (ECF No. 53 at 8.) An Administrative Judge ("AJ") found the suspension was not unlawful reprisal and the decision became final on September 15, 2020. (*Id.*)

Within the same year, the Plaintiff had filed additional internal complaints against other mechanics alleging inadequate training and that Defendant Woods falsified maintenance records. (ECF No. 8, 8-1 at 76.) An investigation revealed in January 2017 that all but one of Plaintiff's allegations were unsubstantiated. (*Id.*) In October 2017, Defendant John Jasper issued a letter of dismissal to the Plaintiff removing him from his employment for falsification of an official government document. (*Id.* at 60-62.) The Plaintiff appealed his termination to the Merit Systems Protection Board ("MSPB") and the MSPB affirmed the Plaintiff's termination by the Air Force. (ECF No. 1 at 12-16, 134, 145-46.) The Plaintiff received the decision on May 3, 2024, and acting *pro se*, he appealed the decision to the Federal Circuit on June 27, 2024. (ECF No. 1 at 4.) The Federal Circuit determined they did not have jurisdiction of the case because it was a "mixed case" and transferred it to this Court.[1] Because the Plaintiff challenges his removal from a position with the Air Force and agency actions of the MSPB, along with alleging discrimination through retaliation for his EEO complaints, the District Court is the proper forum. Neither party contested this finding or the transfer of the case by the Federal Circuit to this Court.

A report and recommendation ("R&R") regarding this matter was prepared for this Court [ECF No. 53] which recommended that the Defendants' Motion to Dismiss [ECF No. 14] should be granted because the Plaintiff failed to state a claim upon which the Court can provide relief. The report also recommended that the Plaintiff's request for a jury trial should be denied. (*Id.*)

[1] A case that involves only MSPB action is appealable to the Federal Circuit; however, a "mixed case" involves both agency action and discrimination claims which must be appealed to the federal district courts. *See Perry v. Merit Systems Protection Board*, 582 U.S. 420, 426-27 (2017).

The Plaintiff filed objections to the R&R [ECF No. 54] and the Defendants filed a response to those objections [ECF No. 55].

## II. LEGAL STANDARD

When a party files an objection to any portion of a magistrate judge's report and recommendation, the district court must undertake a *de novo* review of the conclusions to which the party properly objects. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1). When conducting a *de novo* review, the district court independently analyzes the applicable facts and legal standards without deference to the magistrate judge's findings. *See United States v. Raddatz*, 447 U.S. 667, 689–90 (1980) (articulating the definition of "de novo"). The district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Garcia v. Boldin*, 691 F.2d 1172, 1179 (5th Cir. 1982). To initiate *de novo* review, however, the party filing objections must first specifically identify the findings objected to—district courts need not review objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Arguments that are raised for the first time after a report and recommendation is filed are generally waived unless they concern subject matter jurisdiction. *See, e.g.*, *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018). *Pro se* complaints are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972).

A cause of action in a complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure when it fails "to state a claim upon which relief can be granted." When deciding a motion to dismiss under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The Plaintiff must plead "enough facts to state a claim to relief

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The complaint must be comprised of "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## III. ANALYSIS

The majority of the Plaintiff's objections are restatements of his original issues which do not contribute any additional information or legal context to what was set forth in the R&R. The Plaintiff claims: (1) the magistrate judge misunderstood the amended complaint, and the Plaintiff was given false information to sue the Defendants in an individual capacity; (2) he filed the EEO complaint and MSPB appeal in a timely manner; (3) there are enough facts pleaded to state a claim for relief; (4) there is a service of process issue; (5) there is a violation of the Plaintiff's Due Process rights; and (6) there is a claim surrounding FED. R. CIV. P. 15 and 28 U.S.C. § 1631 concerning timeliness of the filings.

In accordance with the law, this Court has conducted a de novo review of the entire record and analyzed the objections and responses submitted by the parties as it relates to the issues and objections presented to this Court. After due consideration, the Court finds that the Plaintiff's objections lack merit for the reasons set forth below.

### A. Timeliness of the Plaintiff's MSPB appeal

The Plaintiff received a final decision from the MSPB on May 3, 2024. (ECF No. 1 at 11-24.) The Plaintiff was then presented with several options for filing an appeal of his "mixed case":

- he could appeal to the Federal Circuit within 60 days, but only if he waived the discrimination claims;
- continue to pursue the "mixed case" and file a complaint in federal district court within 30 days; or
- file the "mixed case" appeal to the EEOC within 30 days.

*See* 5 U.S.C. § 7703 (b)(1) & (b)(2) and § 7702 (b)(1); *Punch v. Bridenstine*, 945 F.3d 322, 332 (5th Cir. 2019).

The Plaintiff appealed his case on June 27, 2024, to the Federal Circuit despite it being a "mixed case." (ECF No. 1-2 at 4.) The Federal Circuit gave the Plaintiff an opportunity to discontinue his discrimination claim and move forward solely with his claims against the Air Force to remain within their jurisdiction. However, the Plaintiff chose not to waive the discrimination claim. (ECF No. 1-2 at 32-34.) Accordingly, the Federal Circuit transferred the case to this Court as the appropriate forum to hear the Plaintiff's "mixed case" claims. (*Id.*)

The Plaintiff's decision to pursue both of his claims is what ultimately lead to his untimely appeal. The final decision from the MSPB was received on May 3, 2024, the Plaintiff had 30 days—until June 2, 2024—to file an appeal in federal district court. The Plaintiff did not file an appeal until June 27, 2024, in the Federal Circuit. (ECF No. 1-2 at 4.) If the Plaintiff wanted to litigate his "mixed case" in federal district court, he should have filed the appeal within 30 days of the decision by the MSPB—by June 2, 2024. Thus, the Plaintiff is time barred from filing in district court and the Court agrees with the R&R that the appeal is untimely.

The Plaintiff appears to raise Federal Rule of Civil Procedure 15 and 28 U.S.C. § 1631 as defenses to his untimeliness. Rule 15 discusses amended pleadings that "relate[] back to the date of the original pleading," under certain circumstances. FED. R. CIV. P. 15(c)(1). This rule is inapplicable to the current case. Any amended pleadings submitted by the Plaintiff are inconsequential because the entirety of this case was brought in an untimely fashion. Therefore, whether the Plaintiff's amended complaint relates back to the filing date of the original complaint is of little concern because the original complaint was untimely filed. The Plaintiff does not meet the requirements of Rule 15.

Similarly, the Plaintiff endeavors to use 28 U.S.C. §1631 as a challenge to his file to timely file a complaint. According to this statute, a case may be transferred by a federal court to a court "in which the action or appeal could have been brought *at the time it was filed*." 28 U.S.C. §1631 (emphasis added). The Plaintiff took no court action until 55 days after he received the decision from the MSPB. The Plaintiff chose to file in the Federal Circuit and was given the option to drop his discrimination claims in order to remain within the Federal Circuit's jurisdiction. He declined to do so. If the Plaintiff wanted to litigate his " case" in a federal district court, he needed to have filed his complaint within 30 days of receipt of the MSPB's decision. The Plaintiff's lack of action means he is now time-barred from litigating in federal district court. *Punch v. Bridenstine*, 945 F.3d 322, 332 (5th Cir. 2019). Additionally, the Federal Circuit's transfer of the Plaintiff's case to this Court does not change this result. *Id.* at n. 6. The Plaintiff did not meet the 30-day filing timeline as required to litigate in district court. Consequently, the Plaintiff's argument lacks merit and the Court finds that the Plaintiff's MSPB appeal objections are **DENIED**.

### B. Timeliness of the Plaintiff's EEO Suspension

The Plaintiff received a five-day suspension in January 2017 and claimed that it was unlawful reprisal under Title VII. (ECF No. 8 at 2-3.) The Plaintiff continues to assert in his objections that he timely filed his EEO complaint but offers no additional support for the claim in his objections.[2] (ECF No. 54.) The Defendants argue this is an untimely appeal of an AJ's decision. (ECF No. 55.) Judge Watters found the Defendants' argument was meritorious. This Court agrees with that recommendation and accepts the R&R's analysis.

The AJ issued a decision denying the Plaintiff's suspension challenge on August 6, 2020. (ECF No. 53 at 7.) The Plaintiff was permitted to appeal the AJ's decision to a district court or the EEOC, but not the MSPB because a suspension is not serious enough to be before the MSPB. (*Id.*) Once the appeal was final, the Plaintiff had 90 days to appeal the AJ's decision in a district court or 30 days to file an appeal with the EEOC. 42 U.S.C. § 2000e-16(c), 29 C.F.R. § 1614.402. The agency's action became final 40 days later on September 15, 2020. (ECF No. 53 at 9.) The Plaintiff had 90 days from September 15, 2020, to file an appeal with the district court. The appeal period ended on December 14, 2020. However, the Plaintiff did not file a complaint challenging the AJ's decision until March 18, 2025—over four years later. Therefore, this Court finds that the Plaintiff's objections regarding his five-day EEO suspension are **DENIED**.

### C. The Plaintiff's Service of Process and Due Process Violation Objections

The Plaintiff raised a service of process contention within his objections which is a non-issue before this Court. (ECF No. 54 at 5.) The R&R explained that the Plaintiff was given

---

[2] The Plaintiff had a related case pending within the San Antonio Division. *Lopez v. Kendall*, No. 5:21-CV-646-FB-HJB (W.D. Tex. Oct. 13, 2021). The magistrate judge took judicial notice under Federal Rule of Evidence 201 of the EEOC's administrative agency records, specifically of the administrative judge's decision regarding the Plaintiff's 2017 five-day suspension. *See also Terrebonne v. Blackburn*, 646 F.2d 997, 1000 n. 4 (5th Cir. 1981).

additional time to complete service upon all of the Defendants. The R&R found that the Plaintiff successfully served all the co-Defendants and properly met this procedural task by the Court's imposed due date. There is no basis for the Plaintiff to raise any objection related to service of process before this Court.

It is unclear from the objections, but the Plaintiff seems to assert that the magistrate judge misunderstood his argument with the addition of due process violations. *Id.* at 5-6. The Plaintiff additionally claims that the magistrate judge also misunderstood his amended complaint and was not pursuing his case against the Defendants in an individual capacity and proffered accusations that he was given prejudicial and false information from defense counsel. *Id.* at 2-4. Without actual substance provided by the Plaintiff in the form of evidence, the Court finds the Plaintiff's objections are misplaced and unwarranted. The Plaintiff's cursory and unsubstantiated claims are insufficient for this Court to make any further findings.

The Fifth Circuit has held that Title VII imposes no personal liability against individual employees. *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002). "Individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n. 1 (5th Cir. 2003) (citing *Smith*, 298 F.3d at 448-49). Whether the Plaintiff intended this argument against the Defendants in an individual or official capacity is of little consequence. Legal precedent has established that there is no cause of action available for the Plaintiff to pursue this line of argument.

The R&R then examined the Plaintiff's due process violation allegations against the Defendants under a *Bivens*[3] claim. (ECF No. 53 at 13-17.) Here, given that *Bivens* allows for a

[3] *Bivens* found that individuals have a private cause of action to pursue damages for constitutional harms by government actors. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1295 (5th Cir. 1994); *See also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). However, the claims are not allowed against federal agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994).

cause of action against individuals, the question was whether the Plaintiff could bring claims against the Defendants in their individual capacities. Although *Bivens* allows for the ability of such an individual claim, it does not apply in the present case. There are only three specific and limited circumstances under which a cause of action may be successful. The Plaintiff in this present case does not meet that criteria. *See Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (discussing the three causes of action-(1) an instance of excessive force by federal agents in violation of the Fourth Amendment; (2) sexual discrimination by a congressman against a staffer in violation of the Fifth Amendment; and (3) inadequate medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment).

Since the Plaintiff does not assert any of the recognized *Bivens* claims, the Court must determine whether an additional cause in a "new *Bivens* context" is warranted since doing so is "a disfavored judicial activity" and usually such an undertaking is left to Congress. *Egbert v. Boule*, 596 U.S. 482, 491-92 (2022). This limitation upon the courts is strict and if there is "[e]ven a single sound reason...to think Congress is better equipped to 'weigh the costs and benefits of allowing a damages action to proceed,' the courts must refrain from creating [one]." *Id.* (citing *Ziglar v. Abbasi*, 582 U.S. 120, 137 (2017)). If a remedial structure already exists for the alleged harms, courts may not create a new cause of action under *Bivens*. *Egbert*, 596 U.S. at 493.

In terms of the Plaintiff's arguments, the R&R discusses that there are two remedial options available for the harms alleged by the Plaintiff. (ECF No. 53 at 15.) First, Congress created Title VII as a means to resolve employment discrimination charges for retaliatory acts. *Porter v. Adams*, 639 F.2d 273, 277-78 (5th Cir. 1981). Second, Congress crafted the MSPB to protect federal employees from the very misconduct that the Plaintiff alleged. Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 111 at 1112-13, Title I § 3; *See e.g.*, 5 U.S.C. § 2303(b)(8) (discussing

that it is a prohibited act for a supervisory employee to take adverse personnel action because the employee disclosed violations of law). Moreover, the Fifth Circuit has held that Title VII and the MSPB are the exclusive remedial means against claims of discriminatory retaliation and alleged damages for constitutional violations within federal employment. *See Paterson v. Weinberger*, 644 F.2d 521, 525 (5th Cir. 1981); *Gonzalez v. Manjarrez*, 558 F. App'x 350, 353-54 (5th Cir. 2014).

As such, this Court cannot create a new cause of action under *Bivens* for the Plaintiff's arguments. The Court finds that the Plaintiff pursued both of his remedial options. There are no additional routes of recovery that may be afforded to the Plaintiff. For the reasons above, and those set out in the R&R, the Court finds that there are no additional causes of action for the constitutional harms asserted by the Plaintiff.

**D. The Plaintiff's Failure to State a Claim Objection**

The Plaintiff claimed in his objections that Judge Watters was incorrect, and the Plaintiff did state a claim upon which relief may be granted. The Plaintiff avers that enough factual content was presented to meet a plausible claim for relief because enough genuine issues of material facts were presented. (ECF No. 54 at 7.) The Court does not agree with this notion.

Throughout the course of the Plaintiff's objections, he has neglected to significantly address any legal findings and reasonings stated within the R&R to support his objections before this Court. The Plaintiff's objections do not offer any legal foundation for his assertions, and he continues to apply the same non-responsive arguments with little to no factual basis. The Plaintiff's continual contentions that he filed his appeal on time does not make that a reality. Court documents clearly set out the dates of when filings were received from the MSPB, the EEO, and the Federal Circuit, and they indicate that the Plaintiff's appeal was untimely filed. The Federal Rules of Civil Procedure that the Plaintiff endeavors to use to salvage the appeal are not applicable

to the facts or law of this case. The Plaintiff's general accusations of bias or intentional harm do not meet the legal standards to support a Title VII or due process claim against the Defendants, and the Court finds the Plaintiff's constitutional rights have not been infringed upon. The Plaintiff's objections continue to be conclusive or general in nature and do not appear to be plausible on its face. This Court is unable to reasonably infer that the Defendants are liable for the misconduct alleged against them. The Court finds that the Plaintiff did not state a claim against the Defendants upon which relief can be granted. Therefore, the Defendants' Motion to Dismiss is **GRANTED**.

Additionally, Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a claim without a jury trial where a plaintiff has failed to state a claim. *See also Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). The Plaintiff's request for a jury trial is **DENIED**.

## IV. CONCLUSION

The Court finds that the Plaintiff's appeals of the AJ's decision considering his suspension and the MSPB appeal regarding his termination from the Air Force are untimely filed and his arguments are foreclosed. Moreover, Title VII does not allow the Defendants to be sued in their individual or official capacity. Therefore, the Plaintiff has no existing cause of action for his allegations of constitutional harm, and the Court finds they are without merit.

It is **THEREFORE ORDERED** that the Report and Recommendation prepared by the magistrate judge is **ACCEPTED**. (ECF No. 53.)

It is **FURTHER ORDERED** that the Defendants' Motion to Dismiss is **GRANTED**. (ECF No. 14.)

It is **FURTHER ORDERED** that any remaining motions pending before the Court, including the Plaintiff's Motion for Sanctions [ECF No. 59] are **DENIED as moot**.

It is **FURTHER ORDERED** that the Clerks' Office shall close this case and a Clerk's Judgment shall immediately issue.

SIGNED and ENTERED on this 29th day of September 2026.

ALIA MOSES
Chief United States District Judge